CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 29 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| ELMER L. BARLEY, | ) |
| Plaintiff, | ) Civil Action No. 7:06-cv-00754 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MRS. HODGES, | ) By: Hon. James C. Turk |
| Defendant(s). | ) Senior United States District Judge |

Plaintiff Elmer L. Barley, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343.[1] In his complaint, Barley alleges that the defendant, Mrs. Hodges, who is the clerk of the Campbell County Circuit Court in Rustburg, Virginia, violated his constitutional rights by failing to file two motions he submitted to the court in May and July 2003. Barley seeks $250,000 in monetary damages. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[2]

Barley alleges the following sequence of events from which his claims arise. On May 20, 2003, he filed a motion to vacate his conviction on the grounds that it was unconstitutional. The circuit court never answered this motion. On July 20, 2003, Barley filed a motion to render judgment on the motion to vacate. Again, the circuit court failed to respond. Mrs. Hodges informed Barley that she had never received or filed either of his motions. As proof that he mailed the

---

[1] Plaintiff originally filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the cause of action arose in this district.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

motions, Barley submits prison records indicating that he had outgoing mail addressed to the Campbell County Circuit Court sent from Powhatan Correctional Center on June 27, 2003, and July 21, 2003.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inmates have a right to reasonable access to courts. Ex parte Hull, 312 U.S. 456 (1941). Barley's allegations, however, do not indicate that he could prove any action undertaken by Mrs. Hodges in violation of his right to access the courts. The mere fact that he mailed some documents to the court in May, June or July 2003, does not prove that anyone at the court, much less Mrs. Hodges, ever received those documents. He offers no other evidence by which he could prove that she had any personal involvement whatsoever with his alleged motions. Accordingly, he fails to state any constitutional claim against this defendant.

Moreover, the court is fully satisfied that Barley's claims are barred by the applicable statute of limitations. Section 1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). A cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). Furthermore, an inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities

for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733 (4th Cir. 1991). In Virginia § 1983 cases, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or with reasonable inquiry could have known of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

Under these principles, the court concludes that plaintiff is barred from bringing suit under § 1983 concerning the motions he allegedly filed in the summer of 2003. Barley knew in July or August 2003 that the circuit court had not yet issued orders in response to his motions. From these facts, he was on notice to make reasonable inquiry into whether the court had received and filed the motions. He would have quickly discovered, with a letter or telephone call, that his motions had not been received or filed by the clerk. Barley signed and dated his current civil rights complaint on December 3, 2006. As he clearly did not file this lawsuit within two years from the date on which he knew or with reasonable inquiry should have known of his alleged injury, it is untimely under § 8.01-243(a). As Barley's factual contentions are no longer actionable under § 1983, this case must be dismissed, pursuant to § 1915A(b)(1), as frivolous. See Nasim, 64 F.3d at 956. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 29th day of December, 2006.

*James C. Turk*
Senior United States District Judge